1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

| Naiel Ammari and Turlock RV Center, INC., dba Best RV,<br><br>        Plaintiffs,<br><br>          v.<br><br>State of California, Eugene Brathwaite, Sylvia C. Thomas, and DOES 1 - 20,<br><br>        Defendants. | 1:11-cv-0867 OWW DLB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT (DOC. 8) |
| --- | --- |

16

17

## I. <u>INTRODUCTION.</u>

18

19      Defendants State of California, by and through Department of

20 Motor Vehicles ("DMV"); Sylvia C. Thomas ("Thomas") and Eugene

21 Brathwaite ("Brathwaite"), collectively ("Defendants") move to

22 dismiss Plaintiffs' complaint ("Complaint") pursuant to Rule

23 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Naiel

24 Ammari and Turlock RV Center, INC., dba Best RV ("Plaintiffs")

25 responded with a statement of non-opposition filed with a

26 proposed First Amended Complaint ("Proposed FAC").

27      Defendants contend that Plaintiffs' Proposed FAC fails to

28

1

cure most the defects of the Complaint:  The Proposed FAC (1) continues to name the State of California as a defendant, although Defendants argue such a suit against the state is barred by the Eleventh Amendment (2) continues to request both equitable and declaratory relief, though no facts are alleged showing that the *Ex Parte Young* doctrine applies to allow such a claim for relief (3) continues to name Defendant Thomas in her individual capacity pursuant to a section 1983 claim, though the facts do not allege a sufficient connection between her and the alleged wrongful act, and (4)  Plaintiffs attempt to allege a claim of a Fourteenth Amendment violation on facts concerning the execution of a search and accompanying seizure which only implicate the Fourth Amendment.

Defendants contend that in the interest of judicial economy, Plaintiff should not be allowed to file their Proposed FAC until a ruling is made on the pending motion to dismiss, and any FAC should be required to conform to that ruling.  Otherwise, if Plaintiff is allowed to file their Proposed FAC "as is," Defendants will file a very similar motion to dismiss.

## II. PROCEDURAL HISTORY.

Plaintiffs filed this action on May 27, 2011. (Doc. 1.) Defendants' filed a motion to dismiss Plaintiffs' Complaint on July 15, 2011. (Doc. 8.) In response, Plaintiffs filed a non-opposition with an attached Proposed FAC on August 8, 2011.

1   Defendants replied on August 12, 2011. (Doc. 10.)

2

3

4                        III. **BACKGROUND.**

5        Plaintiff Ammari is the owner of an RV dealership licensed

6   by Defendant State of California. Plaintiffs allege that on July

7   13, 2010, Defendant Braithwaite, a DMV employee, led a search of

8   Plaintiffs' place of business. Plaintiffs contend that Defendant

9   Thomas, Braithwaite's supervisor at the DMV, authorized the

10  search, which was conducted pursuant to a "fraudulent" warrant.

11  The search team allegedly seized, *inter alia*, Plaintiffs'

12  business records, a computer, and a computer network server.

13

14       After the search, Plaintiffs moved in California Superior

15  Court for an order to restore their seized property, pursuant to

16  Cal. Penal Code section 1540. Plaintiffs' 1540 motion was granted

17  based on a finding that the court would not have found probable

18  cause to issue the warrant investigating alleged violations of

19  Penal Code sections 487 and 532(a) had Brathwaite disclosed

20  additional facts set out by Plaintiffs in their 1540 motion.

21

22       Plaintiffs allege that Brathwaite and Thomas fraudulently

23  obtained a search warrant for Plaintiffs' business based on

24  falsified evidence of probable cause. They also claim that

25  Brathwaite, executed the fradulent search warrant with the

26  knowledge that the search warrant was defective and lacked

27  sufficient evidence of probable cause to justify the search and

28
                                  3

seizure.

Plaintiffs sue under 42 U.S.C. section 1983 for alleged unlawful search and seizures in violation of their Fourth and Fourteenth Amendment rights. They seek damages, declaratory and injunctive relief.

## IV. <u>STANDARD OF DECISION</u>

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir.2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts

**4**

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. 556-57).

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While the standard does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

## V. DISCUSSION

A.   Original Complaint.

Plaintiffs filed a non-opposition to Defendants motion to dismiss. Defendants' motion to dismiss Plaintiffs' Complaint is GRANTED. The issue is whether to dismiss Plaintiff's claims with

or without leave to amend, especially in light of the Proposed

FAC, i.e., does the Proposed FAC demonstrate that the

deficiencies in the Complaint can be cured?

B.    Should The   Complaint's Claims Be Dismissed With Or Without
      Leave to Amend?

        Defendants contend that Plaintiff should not be allowed to

file their Proposed FAC because it is equally deficient to the

Complaint.  Defendants argue the Complaint should be dismissed in

its entirety without leave to amend, or alternatively, the

deficiencies of the Proposed FAC should be explained in order

that Plaintiff may correct and file a FAC which properly alleges

their claims.

        1.    Claims Against the State in Light of Eleventh Amendment
              Immunity.

        Plaintiffs allege, pursuant to 42 U.S.C. section 1983, that

Defendants conducted an illegal search of their RV Dealership and

seizure of their property by using an invalid warrant. They have

named as a defendant the State of California. Defendants argue

that the Eleventh Amendment bars suits in federal court or under

federal law against the state.

        The Eleventh Amendment prohibits suits against a state or

its agencies or departments for legal or equitable relief.

*Papasan v. Allain*, 478 U.S. 265, 276-77 (1986); *Pennhurst State

School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Specifically, the Eleventh Amendment bars civil rights actions by

6

a citizen against a state or its agencies unless the state has

waived its immunity or Congress has overridden that immunity.

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989);

*Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995). Neither has

occurred here.

The Eleventh Amendment bars Plaintiffs' first and second

causes of action against Defendant DMV, a state agency.  *Id.* at

1026; *Sykes v. State of California (Dep't of Motor Vehicles)*, 497

F.2d 197, 201-02 (9th Cir. 1974) ("a civil rights action under

Sections 1983 or 1985 will not lie against an administrative

agency of a state, such as the Department of Motor Vehicles.").[1]

Defendants' motion to dismiss claims against the state of

California is GRANTED WITHOUT LEAVE TO AMEND.

2.    Claims Against Defendant Brathwaite and Thomas in Light
      of Eleventh Amendment Immunity and the *Ex Parte Young*
      Doctrine.

Plaintiff further alleges a § 1983 claim for unlawful search

and seizure against that Defendants Brathwaite and Thomas, in

their official capacities. (Proposed FAC ¶ 39.) Defendants

correctly argue that a suit against a public employee in his/her

official capacity is equivalent to a claim against his/her

employer. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Butler v.

Elle*, 281 F.3d 1014, 1023 n. 8 (9th Cir. 2002). Plaintiffs admit

---

[1] Plaintiff agreed at the August 22, 2011 hearing the State of California is
not a proper Defendant here and represented that the Complaint would be
amended to exclude the State of California as a Defendant.

7

in their Proposed FAC that "Eugene Brathwaite, Sylvia Thomas, and Does 1-20 were acting in their capacities as officers and employees of Defendant State of California and within the course and scope of such employment." (Proposed FAC ¶ 12.) "Defendants and each of them all committed under color of their authority as DMV officers" unlawful acts in violation of Plaintiff's rights under the laws and Constitution of the United States.  (Proposed FAC ¶ 37.)

A suit for prospective injunctive relief, however, provides a narrow, but well-established, exception to Eleventh Amendment immunity. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). When sued for prospective injunctive relief, a state official in his official capacity is considered a "person" for § 1983 purposes under the *Ex Parte Young* doctrine. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'").

Under the *Ex Parte Young* doctrine, a plaintiff may sue state officials acting in their individual capacities when: "a 'straightforward inquiry [is done] into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"  *Miranda B. v.*

8

*Kitzhaber*, 328 F.3d 1181, 1189 (9th Cir. 2003) (*quoting Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002)). "[W]hen considering the applicability of the *Ex Parte Young* doctrine, the proper focus of the inquiry is whether the relief the plaintiffs seek is prospective, aimed at remedying an ongoing violation of federal law, as opposed to retrospective, aimed at remedying a past violation of the law. *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).

Defendants assert that an injunctive relief claim against Defendants Thomas and Brathwaite in their individual capacities has not been sufficiently alleged in the Complaint and the deficiency remains in the Proposed FAC.

Plaintiffs do not specifically allege in either the Complaint or Proposed FAC that Brathwaite and Thomas, acting in the capacities as officers and employees of the State of California, will continue to violate the law. Plaintiff's Complaint seeks only retrospective relief, and does not allege facts that Defendants actions are an ongoing violation. Plaintiff asserts that the search and seizure of his documents based on Defendants "fraudulent" warrant was the one-time, past violation which this action is based on. (Compl. ¶ 46.)

Plaintiffs' Proposed FAC alleges that the "highly-publicized search" continues to and presently causes economic and reputational harm to Plaintiffs. (Proposed FAC ¶ 56.) This claim

of damages does not properly meet *Ex Parte Young*'s exception because even if the alleged repercussions of the search are currently causing Plaintiff harm, this does not mean the *violation*; i.e., search which concluded on July 13, 2010, is on-going. The court is powerless to go back in time and stop the alleged wrongful search from happening. *Compare Flint*, 488 F.3d at 825 (finding a university's refusal to expunge plaintiff's negative school records, which were based on a constitutional violation, was "on-going" because the court was capable of ordering the school to expunge the records and doing so would cease the plaintiff's current and future harm.)

If Plaintiff wishes to move forward against the individual Defendants for injunctive relief pursuant to the Eleventh Amendment exception under the *Ex Parte Young* doctrine, Plaintiff must properly allege an on-going violation in its FAC.[2]

Defendants' motion to dismiss declaratory relief claims against Brathwaite and Thomas is GRANTED WITH LEAVE TO AMEND. No further relief will be given.

3.   Section 1983 Suit For Liability Against Individual Defendants.

Plaintiffs sue Defendants Brathwaite and Thomas in their individual capacities for liability under § 1983.

Individual defendants, when sued in their personal

---

[2] At the August 22, 2011 hearing Plaintiffs' counsel acknowledged that an on-going harm based on the currently set-out facts does not exist and will amend Plaintiffs' Complaint accordingly.

capacities, are "persons" under § 1983, and Eleventh Amendment immunity does not attach to such claims. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). To establish liability under § 1983, a plaintiff must allege that the individual defendant deprived the plaintiff of a right secured by the United States Constitution or a federal law. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003)

"Section 1983 provides for liability against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (*quoting* 42 U.S.C. § 1983). "The rights guaranteed by section 1983 are 'liberally and beneficently construed.'" *Id.* (*quoting Dennis v. Higgins*, 498 U.S. 439, 443 (1991)). Section 1983 authorizes a civil action for deprivation of rights under the following circumstances:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To establish liability under § 1983, a plaintiff must show

11

(1) that he was deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

 a.  Deprived of a Right.

Plaintiffs claim a right to be free from unreasonable search and seizure. Plaintiffs contend the unreasonable search and seizure is a result of Defendants Brathwaite and Thomas obtaining a fraudulent warrant to search Plaintiff's business. (Comp. ¶ 45; Proposed FAC ¶ 47.) The Proposed FAC specifically alleges that Defendant Thomas participated in the preparation of the search and knew at the time she was preparing the warrant that it was fraudulent. (Proposed FAC ¶ 23.) Also, that Defendant Brathwaite's affidavit supported the warrant and Brathwaite spoke to Thomas regarding the search warrant and obtained her approval prior to submitting it to the magistrate judge. (*Id.* at ¶ 23, 28.)  The warrant was approved. A search of Plaintiff's business took place and various documents were seized. After the search, Plaintiff filed a motion to restore its property under California Penal Code 1540. The California Superior Court determined that Defendants had presented false information in order to obtain the warrant and as such the warrant was not based on probable cause. Plaintiff's 1540 motion was granted. (*Id.* at Ex. 1.)

Plaintiff sufficiently alleges a deprivation of a right.

12

1
2
3
                    b.    Color of Law.

4          A person acts under color of law for purposes of 42 U.S.C. §

5    1983 if he "exercise[s] power possessed by virtue of state law

6    and made possible only because the wrongdoer is clothed with the

7    authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108

8    S.Ct. 2250, 2255 (1988) (*quoting United States v. Classic*, 313

9    U.S. 299, 326 (1941)).  Employment by the state is relevant, but

10   not conclusive, to the question of color of law.  *Polk County v.*

11   *Dodson*, 454 U.S. 312, 321 (1981) (public defenders not acting

12   under color of law when lawyering, because function performed

13   serves interests of client rather than state). For that reason,

14   the Ninth Circuit looks to the nature of the conduct involved, as

15   well as the surrounding circumstances, and not simply to the

16   defendant's official capacity. *See e.g., Gritchen v. Collier,* 254

17   F.3d 807 (9th Cir. 2001) (looking to the circumstances to

18   determine whether a police officer's threats of a lawsuit which

19   arose from his on-the-job conduct were part of his public

20   employer's work, or a private pursuit.)  "Whether a government

21   employee is acting under color of law is not always an easy call,

22   especially when the conduct is novel. 'It is ... a truism by now

23   that there is no rigid formula for measuring state action for

24   purposes of section 1983 liability. Rather, it is a process of

25   'sifting facts and weighing circumstances' which must lead us to

26

27

28
                                 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a correct determination." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

Plaintiffs conclusorily assert that Defendants Brathwaite and Thomas were acting under color of law. Defendants have not taken issue with this; however, in order to survive a motion to dismiss, Plaintiff's FAC must allege facts to show how the wrongful act related to the duties and powers incidental to the job of a DMV employee.

c.   Sufficient connection of Thomas to the Wrongful Act.

Defendants assert that Plaintiff does not sufficiently plead a connection between Thomas and the wrongful act.[3]

In order to state a cause of action under section 1983 against a defendant in his or her individual capacity, a plaintiff must allege specific facts linking the individual defendant to a constitutional violation personal to him. *Ortez v. Washington County*, 88 F. 3d 804, 809 (9th Cir. 1996). Individual capacity liability under section 1983 is triggered only when the plaintiff pleads and proves that each individual defendant acted in some way to cause the alleged constitutional deprivation, either by "personal participation in the deprivation," or "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-44

---

[3] Defendants do not assert the same regarding Defendant Brathwaite.

14

5

(9th Cir. 1978).

In the Complaint, Plaintiff only alleges that Thomas is Brathwaite's supervisor and authorized the search of Plaintiff's business premises. Pursuant to *Monnell v. Department of Social Services*, 436 U.S. 658, 691 (1978), there is no respondeat superior liability under § 1983. The Complaint also alleges no facts which demonstrate Thomas' involvement or participation in preparing the fraudulent search warrant. The Proposed FAC, alleges that Thomas participated in preparing the search warrant, spoke to Brathwaite regarding the search warrant, gave her approval to submit it and knew at the time she was preparing the warrant that it was fraudulent.  This is sufficient to allege that Defendant Thomas set in motion a series of acts which Thomas knew or reasonably should have known would cause others to inflict the constitutional injury and that she had direct participation in the events.

> d.    <u>Conclusion Re: Section 1983 Claim Against Thomas In Her Individual Capacity.</u>

If Plaintiffs can sufficiently plead "under color of law" in their FAC, then a claim against Defendant Thomas in her individual capacity can survive a motion to dismiss. Defendants' motion to dismiss Thomas as a Defendant is GRANTED WITH LEAVE TO AMEND.

*///*

1

### 4.   Fourteenth Amendment Claims.

2       Defendants argue that Plaintiffs fail to allege facts

3   demonstrating a violation of its Fourteenth Amendment rights

4   because a claim arising from an illegal search and seizure

5   implicates the Fourth Amendment, not the Fourteenth Amendment,

6   citing *Albright v. Oliver*, 510 U.S. 266, 273-274 (1994).

7       *Albright* states that "[w]here a particular Amendment

8   'provides an explicit textual source of constitutional

9   protection' against a particular sort of government behavior,

10  'that Amendment, not the more generalized notion of 'substantive

11  due process,' must be the guide for analyzing these claims.'" 510

12  U.S. at 273-274; *see also United States v. Lanier*, 520 U.S. 259,

13  272 n.7 (1997) ("if a constitutional claim is covered by a

14  specific constitutional provision, such as the Fourth or Eighth

15  Amendment, the claim must be analyzed under the standard

16  appropriate to that specific provision, not under the rubric of

17  substantive due process.").

18      Both the Complaint and the Proposed FAC allege claims

19  arising solely from alleged acts of wrongful search and seizure.

20  Such allegations are contained entirely within the ambit of

21  Fourth Amendment protections and do not extend to those of the

22  Fourteenth Amendment. Moreover, the Fourteenth Amendment requires

23  a different standard of conduct, not identified in the Complaint.

24  *See e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)

25

26

27

28

("for half a century now we have spoken of the cognizable level of executive abuse of power [under the Fourteenth Amendment] as that which shocks the conscience.").

In an abundance of caution, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim is GRANTED WITH LEAVE TO AMEND to properly allege a Fourteenth Amendment claim if one exists that is not encompassed by the Fourth Amendment.


VI. <u>CONCLUSION.</u>

For the reasons cited above:

1.    Defendants' motion to dismiss the State of California from this action pursuant to Eleventh Amendment immunity is GRANTED WITHOUT LEAVE TO AMEND.

2.    Defendants' motion to dismiss Plaintiff's injunctive relief claims against Brathwaite and Thomas pursuant to the *Ex Parte Young* doctrine is GRANTED WITH LEAVE TO AMEND.

3.    Defendants' motion to dismiss Thomas as a Defendant for liability in her individual capacity under § 1983 is GRANTED WITH LEAVE TO AMEND.

4.    Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim is GRANTED WITH LEAVE TO AMEND to properly allege a Fourteenth Amendment claim if one

17

1     exists that is not encompassed by the Fourth Amendment.

2

3         Plaintiff must file a FAC in conformity with this Order

4     within ten (10) days following electronic service of this Order.

5     Defendants shall submit a form of judgment consistent with this

6     decision within five (5) days following electronic service of

7     this decision.

8

9     SO ORDERED.

10    Dated: August 25, 2011                    /s/ Oliver W. Wanger

11                                         Oliver W. Wanger
                                      United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18