# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAIEL AMMARI, et al., | CASE NO. CV F 11-0867 LJO DLB |
| Plaintiff, | **SUMMARY ADJUDICATION ORDER** |
| vs. | (Doc. 32.) |
| EUGENE BRATHWAITE, et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Plaintiffs Naiel Ammari ("Mr. Ammari") and Turlock RV Center, Inc., dba Best RV ("Best RV"), seek summary adjudication that an affidavit for a search warrant executed on Best RV lacked probable cause to invalidate the affidavit and search. Defendants Eugene Brathwaite ("Mr. Brathwaite") and Sylvia Thomas ("Ms. Thomas") respond that the affidavit was based on probable cause to warrant denial of summary adjudication. This Court considered on the record[1] Mr. Ammari and Best RV's

---

[1] This Court carefully reviewed and considered the record, including all evidence, arguments, points and authorities, declarations, testimony, statements of undisputed facts and responses thereto, objections and other papers filed by the parties. Omission of reference to evidence, an argument, document, objection or paper is not to be construed to the effect that this Court did not consider the evidence, argument, document, objection or paper. This Court thoroughly reviewed, considered and applied the evidence it deemed admissible, material and appropriate for summary adjudication. This Court does not rule on evidentiary matters in a summary judgment or summary adjudication context, unless otherwise noted.

1

(collectively "plaintiffs'") summary adjudication motion and VACATES the September 17, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed above, this Court GRANTS plaintiffs summary adjudication that the affidavit lacked probable cause to invalidate it and the search.

## Summary

Mr. Brathwaite is a California Department of Motor Vehicles ("DMV") investigator and submitted an affidavit for a search warrant for Best RV, plaintiffs' recreational vehicle ("RV") dealership in Turlock. After execution of the search warrant, plaintiffs successfully challenged the search warrant's supporting affidavit as lacking probable cause in a state court proceeding to seek return of seized property. Plaintiffs seek summary adjudication that Mr. Brathwaite's affidavit omitted material information to render the affidavit invalid due to lack of probable cause. Mr. Brathwaite and Ms. Thomas (collectively "defendants") contend that probable cause supported Mr. Brathwaite's affidavit.

## Mr. Brathwaite's Investigation

RV dealers, including plaintiffs, charge a pre-delivery inspection fee after receipt of a new RV to cover preparation and safety measures. In November 2009, Mr. Brathwaite was assigned to investigate complaints against Best RV for "price packing," which Mr. Brathwaite describes in his declaration as "adding price markups to vehicles that are not disclosed to consumers in advertising." Mr. Brathwaite declares that illegal "price packs" include "delivery, inspection, cleaning or other fees that are charged above the advertised price or charging fees for services that were never performed."

Mr. Brathwaite investigated a complaint by Matthew Ball ("Mr. Ball"), who assisted his wife Remedios Ball ("Ms. Ball") to purchase a vehicle from Best RV. Mr. Brathwaite declares: "Mr. Ball related to me that he was charged a fee of $766.00 for a 'CA PRE DELIVERY INSPECTION FEE'" and that when Mr. Ball questioned salesman Zee Ammari about the fee, Zee Ammari said "it was a mandatory fee required by the State of California." Mr. Brathwaite opined that the fee was a "disguised 'price pack'" which Best RV "added to the price of the vehicle."

Mr. Brathwaite investigated Gerry Butts' ("Mr. Butts'") complaint "that he had been charged a $750 'inspection fee' over and above the advertised price of the vehicle" and that the "salesman told Mr. Butts that the inspection was required in order to obtain financing" and without payment of the fee, Mr. Butts "would have to pay the full price at the time of purchase." Mr. Brathwaite declares that despite

the $750 charge, Mr. Butts "discovered that the brakes did not function properly" and concluded that "no such inspection was actually conducted" in that "the problem would have been readily discovered." Mr. Brathwaite opined that the $750 charge "was another 'price pack' that was added to the advertised price of the vehicle" and that "Mr. Butts' $750 had been taken by [Best RV] through the false representations that the fee was required and that the inspection had actually been performed."

Mr. Brathwaite investigated the complaint of Lisa Brantland ("Ms. Brantland"), who lived in South Dakota, purchased a vehicle from Best RV, and "was charged $750 for a 'CA PRE DELIVERY INSPECTION FEE." Mr. Brathwaite declares that when "Ms. Brantland questioned why a South Dakota resident had to pay for a California fee, the salesperson was unable to explain why the fee was being charged." Mr. Brathwaite opined that "the $750 was simply another 'price pack' added by [Best RV] as evidenced by the fact that even the salesperson could not explain why she was being charged the $750."

Mr. Brathwaite declares that he "consulted the Mid-Cal Better Business Bureau's [("Bureau's")] website and learned that [Best RV] had received 25 complaints from consumers within the last three years. The Bureau had given [Best RV] its lowest possible rating of 'F' or complete failure." Mr. Brathwaite contacted Bureau President Frank Whitney "who confirmed the information posted on the website."

Mr. Brathwaite declares that "he believed that the foregoing facts and complaints showed a pattern of criminal conduct by [Best RV] in charging illegal fees or 'price packs' on its vehicles" and that "there was sufficient probable cause to obtain a search warrant to search for written and electronic sales records" at Best RV. Mr. Brathwaite concluded that Best RV had engaged in grand theft and theft by false pretense to violate California Penal Code sections 487 and 532(a).

**Mr. Brathwaite's Affidavit**

Mr. Brathwaite prepared a July 8, 2010 Statement of Probable Cause ("affidavit") to request "a complete search of Best RV Centers [sic] business and computers records from February 1, 2009 through July 7, 2012, as a means to support the unlawful assessment of fees" in that:

1. "[W]ithin the last 36 months, 25 consumer complaints had been filed against Best RV Center" through the Bureau, which had given Best RV the Bureau's lowest "F" rating;

3

     2.     Mr. Ball had submitted a May 3, 2009 complaint against Best RV because a Best RV employee told Mr. Ball "that the inspection fee was mandatory 'required by the State of California'";

     3.     Mr. Butts had submitted a March 31, 2010 complaint against Best RV because Mr. Butts questioned a $750 trailer "inspection fee" when "on the next day he found the trailer's braking system was not working properly";

     4.     Ms. Bratland's March 31, 2010 complaint against Best RV arose from a "CA PRE DELIVERY Fee" of $750 although Ms. Bratland was a South Dakota resident, asked for a fee waiver, but never received a clear "reason for the added fee"; and

     5.     "Upon review of these 3 complaints, I recognized that Best RV Center was imposing an unlawful fee on its customers' sales contract. There is no California law that permits the assessment of a pre-delivery inspection fee. This type of fraud is commonly known as 'Price Packing' wherein dealers illegally boost the cost of a vehicle's price by several hundred dollars over the advertised or listed price. Such business practices and acts support grand theft and theft by false pretenses, felonies pursuant to Section 487 and 532(a) of the California Penal Code."

In sum, the affidavit detailed three sales in which plaintiffs allegedly misrepresented to customers that a $750 pre-delivery inspection fee was mandated by California.

Stanislaus County Superior Court Judge Timothy Salter ("Judge Salter") signed a July 8, 2010 search warrant ("search warrant") for Best RV's business and computer records. On July 13, 2010, Mr. Brathwaite and other DMV agents executed the search warrant and removed Best RV customer files, business records and computer hardware and software.

### **Order Granting Return Of Seized Property**

On September 17, 2010, plaintiffs filed an underlying Stanislaus Superior Court action ("state action") against DMV and Mr. Brathwaite to seek return of the seized property pursuant to Penal Code section 1540 ("section 1540") ("If it appears . . . that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it [property] to be restored to the person from whom it was taken.") Judge Salter conducted a hearing on October 21, 2010

and November 3, 2010 to address probable cause to issue the search warrant for Best RV. Mr. Brathwaite and DMV appeared at the hearing through a Deputy District Attorney, and the parties presented testimony, exhibits and argument.

Judge Salter issued a January 31, 2011 order ("January 31 order") that the affidavit omitted key information, including:

1. Bureau complaints against plaintiffs were brought against a Manteca dealership which plaintiffs no longer operated and/or were resolved;

2. All but two of the 25 complaints referenced in the affidavit were resolved (Mr. Brathwaite testified that he omitted this information because the meaning of "resolved" was "convoluted" and "I would have to explain it");

3. There was no evidence that Mr. Ball was a party to a sale to give rise to a complaint in his name in that the sales contract placed in evidence was signed by "Remedios Ball," who is not Mr. Ball;

4. The paperwork as to Mr. Butts' complaint does not reference a pre-delivery inspection fee in that Mr. Butts' complaint addressed a poor inspection because he experienced later brake problems; and

5. Ms. Bratland's sale was rescinded and her money refunded (Mr. Brathwaite testified he knew such information "after talking with Ms. Bratland" but omitted this information in his affidavit).

Judge Salter granted plaintiffs' section 1540 motion to restore the seized property and concluded:

> Had the Court known that all but two BBB[2] complaints had been resolved, the Court would not have considered the BBB complaint information determining whether there was probable cause. Had the Court known that Mr. Ball was not a party to the sales agreement, the Court would not have considered Mr. Ball's complaint in determining whether there was probable cause. Had the Court known there was no evidence that Mr. Butts or Mr. Bratland were ever told the pre-delivery inspections fee was required by the State of California, and had the Court known that Ms. Bratland had received all her money back, the Court would not have considered that portion of the Affidavit concerning them.
>
> After eliminating all of the above facts in support of the issuance of the Warrant, the remaining facts do not give rise to a "strong presumption" that Ammari and Best RV

---

[2] BBB is the Mid-Cal Better Business Bureau.

were falsely representing the pre-delivery inspection fee as a State required fee.  Had the full facts been revealed to the Court, the search warrant would not have been issued.

### Plaintiffs' Claims

Plaintiffs proceed on their First Amended Complaint ("FAC") against defendants to allege a single 42 U.S.C. § 1983 ("section 1983") claim that defendants "fraudulently obtained a search warrant for Plaintiffs' business based on falsified evidence of probable cause" in "direct violation of the Fourth Amendment."

## DISCUSSION

### Summary Judgment/Adjudication Standards

Plaintiffs seek summary adjudication that the affidavit's material omissions render the affidavit invalid in absence of probable cause for the search of Best RV.  Defendants respond that probable cause supported Mr. Brathwaite's affidavit.

F.R.Civ.P. 56(a) permits a party to seek summary judgment "identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."  "A district court may dispose of a particular claim or defense by summary judgment when one of the parties is entitled to judgment as a matter of law on that claim or defense." *Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68 (1st Cir. 1999).

Summary judgment is appropriate when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  F.R.Civ.P. 56(a); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters.  F.R.Civ.P. 56(a), (c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82

1  S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir.
2  1984). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate
3  inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for
4  summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106
5  S.Ct. 2505 (1986)

6  The evidence of the party opposing summary judgment is to be believed and all reasonable
7  inferences from the facts must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255, 106
8  S.Ct. 2505; *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. The inquiry is "whether the evidence presents
9  a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must
10 prevail as a matter of law." *Anderson*, 477 U.S. at 251-252, 106 S.Ct. 2505.

11 "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the
12 court that there is no genuine issue of material fact." *Nissan Fire & Marine Ins. Co. v. Fritz Companies,*
13 *Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see High Tech Gays v. Defense Indus. Sec. Clearance Office*,
14 895 F.2d 563, 574 (9th Cir. 1990). "As to materiality, the substantive law will identify which facts are
15 material. Only disputes over facts that might affect the outcome of the suit under the governing law will
16 properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

17 "If a moving party fails to carry its initial burden of production, the nonmoving party has no
18 obligation to produce anything, even if the nonmoving party would have the ultimate burden of
19 persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598.
20 "If, however, a moving party carries its burden of production, the nonmoving party must produce
21 evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d
22 at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material
23 fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see*
24 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) (F.R.Civ.P. 56 "mandates the entry
25 of summary judgment, after adequate time for discovery and upon motion, against a party who fails to
26 make the showing sufficient to establish the existence of an element essential to that party's case, and
27 on which that party will bear the burden of proof at trial.")

28 "But if the nonmoving party produces enough evidence to create a genuine issue of material fact,

1 the nonmoving party defeats the motion." *Nissan Fire*, 210 F.3d at 1103; *see Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575, 1592 (1968)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Under F.R.Civ.P. 56(g), a summary judgment/adjudication motion, interlocutory in character, may be rendered on the issue of liability alone. "In cases that involve . . . multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others, or as to some parties, but not as to others." *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *see also Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir. 1990); *Cheng v. Commissioner Internal Revenue Service*, 878 F.2d 306, 309 (9th Cir. 1989). A court "may grant summary adjudication as to specific issues if it will narrow the issues for trial." *First Nat'l Ins. Co. v. F.D.I.C.*, 977 F.Supp. 1051, 1055 (S.D. Cal. 1977).

As discussed below, plaintiffs are entitled to summary adjudication that Mr. Brathwaite's affidavit failed to establish probable cause to search Best RV.

### **Probable Cause**

Plaintiffs argue that material factual omissions from the affidavit invalidated probable cause.

#### *General Principles*

The Fourth Amendment establishes the right "to be secure in . . . persons, houses, papers, and effects, against unreasonable searches and seizures" and mandates issuance of warrants with "probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." California Penal Code section 1524(a)(4) authorizes a search warrant's issuance when "the property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony."

In making a probable cause determination, a court's role is to ensure that the judge issuing the search warrant had a "substantial basis" to conclude probable cause existed. *Illinois v. Gates*, 462 U.S.

213, 103 S.Ct. 2317, 2332 (1983); *United States v. Hendricks*, 743 F.2d 653, 654 (9th Cir. 1984), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362 (1985). "The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S.Ct. 2317. "[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232, 103 S.Ct. 2317. Probable cause depends on "whether the facts contained in the affidavit are such as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain, a strong suspicion of the guilt of the accused." *People v. Stout,* 66 Cal.2d 184, 193, 57 Cal.Rptr. 152 (1967).

Probable cause exists if the "evidence considered by the magistrate, viewed as a whole, would permit a reasonable person to believe that a search of [premises] had a fair probability of revealing evidence" of criminal activity. *Dawson v. City of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006). "[I]t is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'" *Gates*, 462 U.S. at 235, 103 S.Ct. 2317 (quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584 (1969)). "The magistrate making the original determination of probable cause is accorded significant deference by the reviewing court." *United States v. Fulbright*, 105 F.3d 443, 452 (9th Cir. 1996), *cert. denied*, 520 U.S. 1236, 117 S.Ct. 1836 (1997).

***Deliberate Or Reckless Disregard For Truth***

"There is, of course, a presumption of validity with respect to the [search warrant] affidavit." *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674 (1978). However, "judicial deception may not be employed to obtain a search warrant." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004).

A search warrant affidavit may be challenged by "a substantial preliminary showing that a false statement knowingly and intentionally [made], or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-156, 98 S.Ct. 2674. "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171, 98 S.Ct. 2674. "Not all information in the

9

government's possession need be included in the warrant affidavit." *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992). Omitted facts rise to misrepresentation only if omitted facts cast doubt on the existence of probable cause. *Garza*, 980 F.2d at 551.

If a search warrant challenger establishes by a preponderance of evidence an "allegation of perjury or reckless disregard" and "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 156, 98 S.Ct. 2674. A search warrant challenger "must make specific allegations that indicate the portions of the warrant claimed to be false." *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983). "[C]hallenged statements in the affidavit must be necessary to a finding of probable cause." *Kiser*, 716 F.2d at 1271. "Put another way, the plaintiff must establish that the remaining information in the affidavit is insufficient to establish probable cause." *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995).

To support a section 1983 claim of judicial deception to obtain a search warrant, a plaintiff "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *KRL*, 384 F.3d at 1117. "The court determines the materiality of alleged false statements of omissions." *KRL*, 384 F.3d at 1117. However, a claim of judicial deception may not be based "on an officer's erroneous assumptions about the evidence he has received." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009).

Plaintiffs contend that Mr. Brathwaite omitted from his affidavit material information that:

1.  Bureau complaints were against a separate RV dealership which plaintiffs no longer operated or which were resolved;
2.  All but two of 25 complaints upon which Mr. Brathwaite relied had been resolved;
3.  Mr. Ball was not a party to a sale to give rise to a complaint in his name;
4.  Mr. Butts' complaint addressed a poor inspection, not a pre-delivery inspection fee; and
5.  Mrs. Bratland's sale was rescinded and her money was refunded.

Plaintiffs continue that the affidavit's "valid information" was limited to two Bureau complaints against plaintiffs of which there are no details. Plaintiffs conclude the affidavit lacked sufficient information

10

to establish with fair probability elements of grand theft or theft by false pretense and that the affidavit lacked probable cause to render the search warrant invalid.

Defendants respond that Mr. Brathwaite's affidavit establishes probable cause in that:

1. Mr. Brathwaite interviewed complaining witnesses Mr. Ball, Mr. Butts and Ms. Bratland who provided information that Best RV misrepresented that they were required to pay inspection fees which were not listed on the sticker price and which were not disclosed until vehicle price had been negotiated; and

2. The Bureau reinforced existence of a "pattern of criminal conduct" given the Bureau's reporting of 25 complaints against Best RV over three years and the Bureau's "F" rating of Best RV.

Defendants fault plaintiffs' failure to make "a substantial showing of intentional recklessness or falsehood." Defendants point to an absence of evidence of Mr. Brathwaite's knowledge that Bureau complaints related to a "prior business" rather than Best RV or "to some other entity." Defendants argue that Mr. Brathwaite accurately reported in information to render irrelevant:

1. Resolution of Bureau complaints without their description and details of their resolution;
2. Ms. Ball's, not Mr. Ball's, signature to documents;
3. Mr. Butts' not complaining that Best RV misrepresented that the State of California required the inspection fee; and
4. Rescission of Ms. Bratland's sale.

Defendants conclude that Mr. Brathwaite "disclosed all material fact as he knew them" and "at worst" was negligent.

Plaintiffs' section 1983 claim is premised on material information omitted from Mr. Brathwaite's affidavit. As a reminder, Judge Salter noted that had he known all pertinent information, he would not have considered the Bureau complaints, Mr. Ball's complaint, and information regarding Mr. Butts and Mr. Brantland. Judge Salter concluded that upon eliminating such information, the remaining facts failed to provide a "strong presumption" that plaintiffs misrepresented "the pre-delivery inspection fee as a State required fee. Had the full facts been revealed to the Court, the search warrant would not have been issued."

Judge Salter correctly found that Mr. Brathwaite's affidavit failed to establish probable cause. The undisputed facts are that the Bureau complaints were brought against a Manteca dealership which plaintiffs no longer operated and/or were resolved, Mr. Ball was not a party to a sale, Mr. Butts' paperwork did not reference a pre-delivery inspection, and Ms. Bratland's sale was rescinded and her money refunded. Defendants' characterization of such facts as irrelevant fails to substantiate Mr. Brathwaite's affidavit. The affidavit fails to establish probable cause with its material omissions. Defendants' claim that Mr. Brathwaite disclosed all he knew is unavailing as his omitted information is key. Construing the evidence in defendants' favor raises no less than inferences that Mr. Brathwaite recklessly omitted information which if included would not have supported probable cause. Gutted of its material omissions, the affidavit fails to establish probable cause.

### **Defendants' F.R.Civ.P. 54(d) Request**

Defendants request a delay to rule on plaintiffs' summary adjudication motion to allow defendants to conduct discovery.

F.R.Civ.P. 54(d) provides for such relief:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Nonmovants seeking to continue a summary judgment ruling "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir.), *cert. denied*, 525 U.S. 822, 119 S.Ct. 64 (1998). In seeking F.R.Civ.P. 56(d) relief, a nonmovant "must make clear what information is sought and how it would preclude summary judgment." *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987).

Defendants lack an affidavit or declaration to satisfy F.R.Civ.P. 56(d).  Defendants merely offer Mr. Brathwaite's declaration that complaining witnesses Mr. Ball, Mr. Butts and Ms. Bratland would reiterate their complaints and testify consistently with Mr. Brathwaite's representations.  Defendants fail to specify facts they hope to elicit, the existence of such facts, and their necessity to resist summary adjudication.  Plaintiffs are correct that additional evidence through discovery "would be meaningless because Defendant Brathwaite did not have the evidence in possession when he wrote his affidavit and requested the search warrant."  Moreover, defendants ignore that they have had eight months to conduct discovery and fail to explain their failure to do so and that this action has been pending since May 2011.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS plaintiffs summary adjudication that Mr. Brathwaite's affidavit failed to establish probable cause to invalidate the affidavit and search of Best RV.
 IT IS SO ORDERED.

**Dated:   September 11, 2012**                         **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE