1 | LAW OFFICES OF LEO JAMES TERRELL
8383 Wilshire Blvd., Suite 652
2 | Beverly Hills, California 90211
Telephone: (323) 655-6909
3 | Fax: (323) 655-5104
Leo James Terrell, State Bar No., 149693
4 | Email: civil1975@aol.com

5 | Attorneys for Plaintiffs,
*Naiel Ammari; and*
6 | *Turlock RV Center, Inc. dba Best RV*

7 | Kamala D. Harris, State Bar No. 146672
Attorney General of California
8 | Peter A. Meshot, State Bar No. 117061
Supervising Deputy Attorney General
9 | Kevin W. Reager, State Bar No. 178478
Deputy Attorney General
10 | Kenny V. Nguyen, State Bar No. 233385
1300 I Street, Suite 125
11 | P.O. Box 944255
Sacramento CA 94244
12 | Telephone: (916) 323-6311
Fax: (916)322-8288

*Attorneys for Defendants Eugene Brathwaite and Sylvia Thomas*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NAIEL AMMARI and TURLOCK RV CENTER, INC., dba BEST RV,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; EUGENE BRATHWAITE, in his individual and official capacity; SYLVIA C. THOMAS, in her individual and official capacity; and DOES 1-20, inclusive,**<br><br>Defendants. | CASE NO.: 1-11-CV-00867-LJO-SAB<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF PLAINTIFFS' TAX RECORDS** |

Whereas Defendants have propounded a request for production of documents upon Naiel

Ammari and Turlock RV Center, Inc., (hereinafter "Plaintiffs") requesting tax records for each Plaintiff, such as income tax forms from 2006 to the present, which are contained in files maintained Plaintiffs; and

 Whereas Plaintiffs contend they will be irreparably prejudiced if these confidential documents and the personal and confidential information contained therein (including, but not limited to home addresses, dates of birth, and social security numbers), and are disseminated publicly without the following protections; and

 Whereas the parties having met and conferred with each other and hereby stipulate to the following terms and conditions:

 1. Plaintiffs may designate as confidential any tax record that they, in good faith, believe contains information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend – "Confidential Tax Records – Subject to Protective Order". These documents shall be limited to U.S. Income Tax Returns and State Income Tax Returns for Plaintiffs, the first five digits of any social security number, and home addresses of individuals, collectively referred to as "Confidential Tax Records"), shall be treated in accordance with the terms of this Protective Order.

 2. If Defendants' counsel believes that any tax record that has been designated by Plaintiffs as "Confidential Tax Records – Subject to Protective Order"does not warrant that designation Defendants' counsel will advise Plaintiff's counsel. I n the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.  Notwithstanding Defendants' counsel belief that a document, writing or information that has been designated by Plaintiffs as "Confidential Tax Records – Subject to Protective Order" does not warrant that designation, Defendants' counsel will continue to treat it as such in accordance with the terms of this Protective Order unless and until the parties agree otherwise or the Court so determines.

 3. Confidential Tax Records may be used by the persons receiving such information only

for the purpose of this litigation.

    4. Subject to the further conditions imposed by this stipulation, Confidential Tax Records may be disclosed only to the following persons:

        (a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

        (b) Such other parties as may be agreed by written stipulation among the parties hereto.

    5. Prior to the disclosure of any Confidential Tax Recordsto any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Tax Records shall first provide any such person with a copy of this Protective Order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Tax Records pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Tax Records.
>
> Dated: _____/s/_____"

    6. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Tax Records and all copies thereof in the parties' possession shall be returned to Plaintiffs through Plaintiffs' counsel's office. All Confidential Tax Records disclosed to any person or party pursuant to any provision hereof also shall be returned to Plaintiff. This provision does not obligate the Court to act in a certain matter in relation to the confidential documents.

    7. If any party who receives Confidential Tax Records receives a subpoena or other

request seeking Confidential Tax Records, he, she or it shall immediately give written notice to Plaintiffs' counsel, identifying the Confidential Tax Records sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order so as to afford Plaintiffs an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Tax Records. .

8.  Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contains or discloses Confidential Tax Records shall be filed and maintained in accordance with the United States District Court, Eastern District of California, Local Rule 141, which governs the filing of documents under seal.

9.  At the commencement of trial, unless good cause is shown, the terms of the protective order are dissolved, except for the return of the confidential documents to the party providing them at the completion of the case.

11.  Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Tax Records into evidence, grounds including but not limited to relevance and privilege.

///

///

///

12. This Stipulation may be signed in parts and may be transmitted by facsimile as if it was the original document.

IT IS SO STIPULATED:

DATED: February 26, 2013        Respectfully submitted,
                                LAW OFFICES OF LEO JAMES TERRELL

                                ____/s/ Leo Terrell_____

                                Leo James Terrell, Attorney for Plaintiffs,
                                Naiel Ammari; and Turlock RV Center, Inc.

DATED: February ___, 2013       Respectfully submitted,
                                KAMALA D. HARRIS
                                Attorney General Of California
                                Peter A. Meshot
                                Supervising Deputy Attorney General

                                _____/s/ Kenny V. Nguyen_____

                                KENNY V. NGUYEN
                                Deputy Attorney General
                                Attorney for Defendants Eugene Brathwaite and
                                Sylvia Thomas

IT IS SO ORDERED. the parties having so stipulated, and good cause having been shown, it is hereby ordered the parties' stipulated protective order governing production and use of plaintiffs' tax records is GRANTED.

IT IS SO ORDERED.

Dated:   **March 4, 2013**                    _____
                                              UNITED STATES MAGISTRATE JUDGE