IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAIEL AMMARI, et al., | CASE NO. CV F 11-0867 LJO SAB |
| Plaintiffs, | **ORDER TO DENY EXTENSION OF DATES** |
| vs. | (Doc. 46.) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

  The parties request to two-month extension of all discovery and motion dates set by January 13, 2012 scheduling order. The parties point to incomplete discovery and mindlessly propose a dispositive motion hearing date a mere two days prior to the August 7, 2013 pretrial conference.

  Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, to "file motions" and "complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

  Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3 rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at

610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

The parties demonstrate neither good cause nor diligence to extend dates. The parties' request reveals the antithesis of diligence in noting that discovery remains although the non-expert discovery deadline passed several weeks ago. This action has been pending for 23 months. The current schedule has been in place for nearly 14 months, during which, the parties have known of looming deadlines. After expiration of deadlines, the parties seek to extend discovery deadlines based on their carelessness and lack of effort. The parties' failure to complete discovery timely is a problem they, not this Court, created.

Moreover, this action's schedule was crafted to maximize limited judicial resources and to best manage U.S. District Judge Lawrence J. O'Neill's burdensome caseload of more than 1,800 cases. Judge O'Neill is unable to reset dates to suit the parties' whim. Resetting dates as requested by the

parties would jeopardize Judge O'Neill's case management and would devote inordinate resources to this action at the expense of other actions and litigants.

Resetting dates in this action can be accomplished only if the parties consent to the conduct of all further proceedings by a U.S. Magistrate Judge. The Magistrate Judges' availability is far more realistic and accommodating to parties than that of Judge O'Neill, who must prioritize criminal and older civil cases over more recently filed civil cases. If the parties consent to Magistrate Judge jurisdiction, the reassigned magistrate judge can reset dates as needed and appropriate.

Moreover, civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial.

On the basis of good cause, this Court:

1. DENIES the parties' requested extension of discovery and motion dates:
2. ORDERS the parties to consider, and if necessary, to reconsider, consent to Magistrate Judge jurisdiction; and
3. ORDERS the parties' counsel, no later than March 12, 2013, to file and serve papers to indicate whether each party consents to Magistrate Judge jurisdiction. Magistrate Judge consent forms are available on this Court's website.

The parties and counsel are encouraged to contact the offices of United States Senators Diane Feinstein and Barbara Boxer to address inability to accommodate the parties and this action. For further information regarding handling of this action, the parties may contact staff attorney Gary Green at (559) 499-5683 or emailing him at ggreen@caed.uscourts.gov.

IT IS SO ORDERED.

**Dated:   March 5, 2013**          /s/  Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE