1  Leo James Terrell, State Bar No.,149693
   LAW OFFICES OF LEO JAMES TERRELL
2  8383 Wilshire Blvd., Suite 652
   Beverly Hills, California  90211
3  Telephone: (323) 655-6909
   Fax:  (323) 655-5104
4  email: civil1975@aol.com

5  Attorneys for Plaintiffs,
   Naiel Ammari; and
6  Turlock RV Center, Inc. dba Best RV

7

8                **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11 NAIEL AMMARI, and TURLOCK          ) CASE NO.: 1-11-CV-00867-LJO-DLB
   RV CENTER, INC., dba BEST RV,      )
12                                    ) **NOTICE OF MOTION AND MOTION**
                                      ) **FOR ORDER DEEMING PLAINTIFF'S**
13            Plaintiff,              ) **DESIGNATION OF EXPERT**
                                      ) **WITNESSES TIMELY; DECLARATION**
14 vs.                                ) **LEO JAMES TERRELL**
                                      )
15 EUGENE BRATHWAITE, in his          ) Assigned to Hon. Lawrence J. O'Neill
   individual capacity; SYLVIA C.     )
16 THOMAS, in her individual          ) Date: April 10, 2013
   capacity; and DOES 1-20, inclusive,) Time: 8:30 a.m.
17                                    ) Ctrm.: 4, 7th Floor
             Defendants.             )
18                                    ) Assigned to Hon. Lawrence J. O'Neill
                                      )
19                                    ) Pretrial Conf.: Aug. 7, 2013
                                      ) Trial: Sept. 24, 2013
20 _____)

21 TO THE COURT, DEFENDANTS AND ALL INTERESTED PARTIES HEREIN:

22       PLEASE TAKE NOTICE that on April 10, 2013, at 8:30 a.m. in Courtroom 4 -

23 7th Floor, of the United States District Court, Eastern District of California, Plaintiffs

24 Naiel Ammari, et al. ("Plaintiff") hereby move this Court for an Order deeming

25 Plaintiff's designation of expert witnesses timely.

26 ///

27 ///

28 ///

Motion Deeming Plaintiff's
Designation Expert Witnesses Timely          1

1      The bases for this motion are as follows:

2      Plaintiff relied upon the docket text of the electronic notice of docket entry no.

3  24, Scheduling Order, in setting the deadline to designate its expert witnesses.  The

4  docket text of the electronic notice of docket entry no. 24, Scheduling Order, states in

5  pertinent part that the deadline to designate expert witnesses is April 5, 2013, whereas

6  the Scheduling Order states that February 1, 2013, is the deadline to designate expert

7  witnesses.  (**Exhibit 1**, docket text of electronic notice of docket entry no. 24,

8  Scheduling Order; **Exhibit 2**, Scheduling Order; **docket no. 24.**)  Plaintiff relied on

9  the docket text of the electronic notice of docket entry no. 24, Scheduling Order, in

10  calendaring the deadline to designate expert witnesses as April 5, instead of February

11  1, 2013.  Furthermore, though Defendant Eugene Brathwaite, et al. ("Defendants")

12  informed Plaintiff that its designation of expert witnesses was late, they then agreed

13  to enter into a Stipulation to extend the deadline for the parties to designate expert

14  witnesses thereby acknowledging that the timing of Plaintiff's designation of expert

15  witnesses did not deny them the opportunity to take the depositions of Plaintiff's

16  expert witnesses.

17      Plaintiff basis this motion on the pleadings, papers and records filed in this

18  action, the attached declaration of Leo James Terrell, the memorandum of points and

19  authorities filed in support hereof, and such oral and documentary evidence as the

20  court may admit at the hearing of this motion.

21      Plaintiff has invited Defendants to meet and confer with pursuant to the local

22  rules of this court prior to the filing of this motion. (**Exhibit 6.**)  To date, Defendants

23  have not informed Plaintiff that they oppose this motion. (Declaration of Leo James

24  Terrell ¶ 12.)

25  DATED: March 7, 2013             LAW OFFICE OF LEO JAMES TERRELL

26

27                        By: /s/ Leo James Terrell

28                          Leo James Terrell, Esq.
                        Attorney for Plaintiffs

1     **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.   ARGUMENT**

3       **A.   Introduction**

4           Plaintiff respectfully requests that this Court deem its designation of expert
5  witnesses timely because of its reliance on the docket text of electronic notice of
6  docket entry no. 24, Scheduling Order, in setting the deadline to designate expert
7  witnesses. The docket text of the electronic notice of docket entry no. 24, Scheduling
8  Order, states that the deadline to designate expert witnesses is April 5, 2013, whereas
9  the Scheduling Order states that February 1, 2013, is the deadline to designate expert
10 witnesses.   (**Exhibit 1**, docket text of electronic notice of docket entry no. 24,
11 Scheduling Order; **Exhibit 2**, Scheduling Order; **docket no. 24.**)  Plaintiff relied on
12 the docket text of the electronic notice of docket entry no. 24, Scheduling Order, in
13 calendaring the deadline to designate expert witnesses as April 5, instead of February
14 1, 2013.  Furthermore, though Defendants informed Plaintiff that its designation of
15 expert witnesses was late, they then agreed to enter into a Stipulation to extend the
16 deadline for the parties to designate expert witnesses thereby acknowledging that the
17 timing of Plaintiff's designation of expert witnesses did not deny them the opportunity
18 to take the depositions of Plaintiff's expert witnesses.

19      **B.   Background**

20          On January 13, 2012, the Court issued a Scheduling Order in the above-
21 referenced matter. (**Exhibit 2**, Scheduling Order; **docket no. 24.**)  Plaintiff received
22 electronic notice of docket entry no. 24, Scheduling Order, on January 13, 2012.
23 (**Exhibit 1.**)   The docket text of the electronic notice of docket entry no. 24,
24 Scheduling Order, states that the deadline to designate expert witnesses is April 5,
25 2013. (**Exhibit 1.**) Plaintiff relied on the docket text of the electronic notice of docket
26 entry no. 24, Scheduling Order, in calendaring April 5, 2013, as the deadline to
27 designate expert witnesses. (Declaration of Leo James Terrell ("Terrell Decl.") ¶ 11.)

28

1      On February 4, 2013, Plaintiff received in the mail Defendants' Expert Witness

2 Disclosure, which was served via US First Class mail or February 1, 2013. (Terrell

3 Decl. ¶ 4.)  This prompted Plaintiff to review the Court's Scheduling Order. (Terrell

4 Decl. ¶ 4; **Exhibit 2; docket no. 24.)**  Therein, the Court directed the parties to this

5 action to "disclose all expert witnesses, in writing, on or before February 1, 2013."

6 (**Exhibit 2**, pg. 2:ln. 9-10; **docket no. 24.**)  Thereafter, Plaintiff realized it had

7 calendared the date of April 5, 2013, as the deadline to designate expert witnesses

8 because it relied on the docket text of the electronic notice of docket entry no. 24,

9 Scheduling Order, to set the deadline to designate expert witnesses. (Terrell Decl. ¶

10 4; **Exhibit 1**)

11      As a result, Plaintiff sent Defendants a letter proposing that the parties enter into

12 a stipulation to extend the non-expert and expert discovery cut-off and the deadline

13 to disclose expert witnesses to March 15, 2013. (**Exhibit 4**, Plaintiff's letter dated

14 February 5, 2013, to Defendants; Terrell Decl. ¶ 5.)

15      Furthermore, on February 6, 2013,  two court days after February 1, 2013,

16 Plaintiff forwarded to Defendants its Expert Witness Disclosure via facsimile and US

17 First Class mail. (**Exhibit 3**, Plaintiff's Expert Witness Disclosure; Terrell Decl. ¶ 6.)

18      On February 6 and 7, 2013, the parties meet and conferred regarding, inter alia,

19 Plaintiff's designation of expert witnesses. (Terrell Decl. ¶ 7.)  During the parties

20 meet and confer, Defendants took the position that Plaintiff's expert witnesses cannot

21 testify at trial because Plaintiff disclosed its expert witnesses late. (Terrell Decl. ¶ 7.)

22 The parties then agreed to resolve the issue regarding the timing of Plaintiff's

23 designation of expert witness by way of Stipulation whereby the parties agreed to

24 extend, inter alia, the deadline to disclose expert witnesses. (**Exhibit 5**, Stipulation

25 and Order to Extend  Deadlines Set by the Court's Scheduling Order; **docket no. 46**;

26 Terrell Decl. ¶ 7.) On March 1, 2013, the parties submitted to the Court for review

27 their Stipulation to Extend Deadlines Set by the Court's Scheduling Order . (**Exhibit**

28 **5; docket no. 46.**)

**C.     The Timing of Plaintiff's Designation of Expert Witnesses was Based on the Electronic Notice of Docket Entry no. 24, Scheduling Order**

Plaintiff's designation of expert witnesses beyond the Court's deadline of February 1, 2013, was a result of its reliance on the electronic notice of docket entry no. 24, Scheduling Order.

On January 13, 2012, the Court issued a Scheduling Order in the above-referenced matter. (**Exhibit 2; docket no. 24.**)  Plaintiff also received electronic notice of docket entry no. 24, Scheduling Order, on January 13, 2012. (**Exhibit 1.**) Plaintiff's counsel, Leo James Terrell, Esq., proceeded with entering into his case calendar the deadlines set by the Court based on the docket text of the electronic notice of docket entry no. 24, Scheduling Order (**Exhibit 1**). (Terrell Decl. ¶ 10.)  In regards to the deadline for the expert witness disclosure, the docket text of docket entry no. 24, Scheduling Order, specifically states "**Designation of Expert Witnesses due by 4/5/2013 . . . **" (**Exhibit 1**; Terrell Decl. ¶ 11.)  When Mr. Terrell entered the deadline to designate expert witnesses in his case calendar, he relied on the docket text of the electronic notice of docket entry no. 24, Scheduling Order. (Terrell Decl. ¶ 11.) However, the Scheduling Order (**Exhibit 2; docket no. 24**) indicates April 5, 2013, as the deadline to conduct expert-witness discovery and February 1, 2013, as the deadline to designate expert witnesses whereas the docket text of the electronic notice of docket entry no. 24, Scheduling Order (**Exhibit 1**), states that the deadline to designate expert witnesses is 4/5/2013. (Terrell Decl. ¶ 11.) The conflicting dates for the deadline to designate expert witnesses caused Mr. Terrell to calendar the deadline to designate expert witnesses as April 5, 2013, instead of February 1, 2013. (Terrell Decl. ¶ 11.)

Thus, Plaintiff respectfully requests that the Court deem Plaintiff's designation of expert witnesses timely.

1    **D.    The Timing of Plaintiff's Designation of Expert Witnesses Did not**
2    **Deny Defendants the Opportunity to Take the Depositions of**
3    **Plaintiff's Expert Witnesses**

4    The timing of Plaintiff's designation of expert witnesses did not deny
5    Defendants the opportunity to take the depositions of Plaintiff's expert witnesses.

6    The current deadline for Defendants to depose Plaintiff's expert witnesses is
7    April 5, 2013. (**Exhibit 2; docket no. 24.**) Plaintiff has informed Defendants that its
8    expert witnesses are available for their depositions. (**Exhibit 6,** Plaintiff's letter to
9    Defendants dated March 5, 2013; Terrell Decl. ¶ 8.) Plaintiff has made available to
10   Defendants its expert witnesses for deposition within the current deadline of April 5,
11   2013, to conduct expert discovery. (**Exhibit 2; docket no. 24.**) To date, Defendants
12   have not informed Plaintiff that the timing of Plaintiff's designation of expert
13   witnesses has denied them the opportunity to take the depositions of Plaintiff's expert
14   witnesses. (Terrell Decl. ¶ 9.)

15   Thus, the timing of Plaintiff's designation of expert witnesses did not deny
16   Defendants the opportunity to take the depositions of Plaintiff's expert witnesses.

17   **E.    Defendants Acknowledged that the Timing of Plaintiff's Designation**
18   **of Expert Witnesses Did not Deny Them the Opportunity to Take the**
19   **Depositions of Plaintiff's Expert Witnesses**

20   Defendants have acknowledged that the timing of Plaintiff's designation of
21   expert witnesses did not deny them the opportunity to take the depositions of
22   Plaintiff's expert witnesses.

23   On March 1, 2013, the parties submitted to the Court for review their
24   Stipulation to Extend Deadlines Set by the Court's Scheduling Order .[1] (**Exhibit 5;**
25   **docket no. 46.**) Therein, Defendants agreed to extend the deadline for Plaintiff to

26   ───────────────

27   [1] On March 5, 2013, the Hon. Lawrence J. O'Neill issued an order denying
     the parties Stipulation to Extend Deadlines Set by the Court's Scheduling Order.
28   (**Docket no. 48.**)

Motion Deeming Plaintiff's
Designation Expert Witnesses Timely          6

1  designate its expert witnesses thereby acknowledging that the timing of Plaintiff's
2  designation of expert witnesses did not deny them the opportunity to take the
3  depositions of Plaintiff's expert witnesses.

4       Thus, Defendants have acknowledged that the timing of Plaintiff's designation
5  of expert witnesses did not deny them the opportunity to take the depositions of
6  Plaintiff's expert witnesses.

7  **II.    CONCLUSION**

8       Based upon the foregoing, Plaintiff respectfully requests that this Court deem
9  Plaintiff's designation of expert witnesses timely.

10  DATED: March 7, 2013                    LAW OFFICE OF LEO JAMES TERRELL

11

12                                          By: /s/ Leo James Terrell

13                                          Leo James Terrell, Esq.
                                            Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF LEO JAMES TERRELL

I, Leo James Terrell, hereby declare and state as follows:

1.      I am an attorney at law licensed to practice before all courts in the State of California.

2.      I am the attorney of record for Plaintiff Naiel Ammari, et al. in the above-entitled action.

3.      I have personal knowledge of the within stated facts and if called to testify, I would and could testify competently thereto.

4.      On February 4, 2013, I received in the mail Defendants' Expert Witness Disclosure, which was served via US First Class mail or February 1, 2013.  This prompted me to review the Court's Scheduling Order. (**Exhibit 2; docket no. 24.**) Thereafter, I learned that I had calendared the date of April 5, 2013, as the deadline to designate expert witnesses because I relied on the docket text of the electronic notice of docket entry no. 24, Scheduling Order, to set the deadline to designate expert witnesses. (**Exhibit 1.**)

5.      As a result, on February 5, 2013, I sent Mr. Kevin Reager, counsel for Defendants, a letter proposing that the parties enter into a stipulation to extend the non-expert and expert discovery cut-off and the deadline to disclose expert witnesses to March 15, 2013. (**Exhibit 4,** Plaintiff's letter dated February 5, 2013, to Defendants.)

6.      Immediately thereafter, on February 6, 2013, I forwarded to Defendants counsel, Mr. Kevin Reager the Plaintiff's Expert Witness Disclosure via facsimile and US First Class mail. (**Exhibit 3,** Plaintiff's Expert Witness Disclosure.)

7.      On February 6 and 7, 2013, the parties meet and conferred regarding, inter alia, Plaintiff's designation of expert witnesses.  During the meet and confer, Defendants' counsel, Mr. Kenny Nguyen, took the position

that Plaintiff's expert cannot testify at trial because Plaintiff disclosed its expert witnesses late. The parties then agreed to resolve the issue regarding the timing of Plaintiff's designation of expert witness by way of Stipulation whereby the parties agreed to extend, inter alia, the deadline to disclose expert witnesses. (**Exhibit 5**, Stipulation and Order to Extend  Deadlines Set by the Court's Scheduling Order; **docket no. 46.**)

8.   I have informed Mr. Reager and Mr. Nguyen that my expert witnesses are available for their depositions. (**Exhibit 6**, letter dated March 5, 2013.)

9.   To date, neither Mr. Reager or Mr. Nguyen have stated that the timing of Plaintiff's designation of expert witnesses has denied them the opportunity to take the depositions of Plaintiff's expert witnesses.

10.   Upon receipt of the electronic notice of docket no. 24, Scheduling Order, I proceeded with entering into my case calendar the deadlines set by the Court based on the docket text of electronic notice of docket entry no. 24, Scheduling Order (**Exhibit 1**).

11.   In regards to the deadline for the expert witness disclosure, the docket text of docket entry no. 24, Scheduling Order, specifically states **"Designation of Expert Witnesses due by 4/5/2013 . . . "** (**Exhibit 1**.) When I entered the deadline to designate expert witnesses in my case calendar, I relied on the docket text of the electronic notice of docket entry no. 24, Scheduling Order.  However, the Scheduling Order (**Exhibit 2; docket no. 24**) indicates April 5, 2013, as the deadline to conduct expert-witness discovery and February 1, 2013, as the deadline to designate expert witnesses whereas the docket text of the electronic notice of docket entry no. 24, Scheduling Order (**Exhibit 1**), states that the deadline to designate expert witnesses is 4/5/2013.  The conflicting

1    dates for the deadline to designate expert witnesses caused me to
2    calendar the deadline to designate expert witnesses in my case calendar
3    as April 5, 2013, instead of February 1, 2013.
4    12.    On March 5, 2013, I informed Mr. Reager and Mr. Nguyen of my intent
5           to file this motion.  (**Exhibit 6**, letter dated March 5, 2013.)  To date,
6           Defendants' counsel has not informed me that they oppose this motion.
7
8    I declare under penalty of perjury under the laws of the United States that the
9    foregoing is true and correct.
10    Executed this 7th day of March, 2013, at Beverly Hills, California.
11
12         /s/ Leo James Terrell
13         Leo James Terrell, Declarant