# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAIEL AMMARI, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00867-LJO-SAB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DEEM PLAINTIFFS' DESIGNATION OF EXPERTS TIMELY AND VACATING APRIL 10, 2013 HEARING**<br><br>(ECF Nos. 49, 59, 60) |

**I.**

**BACKGROUND**

Plaintiffs filed this civil rights action on May 27, 2011, against the State of California, Eugene Brathwaite, and Sylvia Thomas alleging illegal search, seizure, and detention based upon the confiscation of Plaintiff's business records pursuant to a search warrant. (ECF No. 1.) A first amended complaint was filed on September 9, 2011. (ECF No. 15.) Following the initial scheduling conference, a scheduling order issued on January 13, 2012. (ECF No. 24.) The docket entry for the scheduling order stated that expert witness designation was due by April 5, 2013, however the scheduling order itself stated that the parties were to disclose all expert witness on or before February 1, 2013, and failure to comply with Fed.R.Civ.P. 26(a)(2), (A), (B), and (C) and include all information thereunder may result in the exclusion of testimony or evidence. (ECF No. 24 at 2:9-14.)

On March 1, 2013, Plaintiffs filed a stipulation to extend the discovery and motion dates set forth in the September 9, 2011 scheduling order. (ECF No. 46.) On March 5, 2013, District Judge Lawrence J. O'Neill denied the parties' stipulation to extend the dates in this action. (ECF No. 48.)

On March 8, 2013, Plaintiffs filed the instant motion to deem Plaintiffs' designation of expert witnesses timely. (ECF No. 49.) Defendants filed an opposition on March 27, 2013, and Plaintiffs filed a reply on April 1, 2013. (ECF Nos. 59, 60.) Having considered the papers filed by the parties, the Court deems the matter suitable for decision on the papers and vacates the hearing set for April 10, 2012, and rules as follows.

## II.

### PLAINTIFFS' MOTION TO DEEM EXPERT DISCLOSURES TIMELY

Plaintiffs bring this motion on the ground that they relied on the dates set forth in the docket text to calendar the date for expert witness disclosure as April 5, 2013. Plaintiffs contend that it was not until they received Defendants' expert witness disclosure on February 4, 2013, that they realized the date had been incorrectly calendared. At that time, Plaintiffs mailed a letter to Defendants, dated February 5, 2013, proposing that the parties enter into a stipulation to extend the non-expert and expert discovery cut-off dates and the deadline to disclose expert witnesses to March 15, 2013. On February 6, 2013, Plaintiffs served expert witness disclosures on Defendants. The parties met and conferred on February 6 and 7, 2013, and agreed to stipulate to the extensions of the discovery deadlines and the stipulation was filed with the court on March 1, 2013. Plaintiffs argue that the timing of their designation of expert witnesses, four days after the date set forth in the scheduling order, did not deny Defendants the opportunity to conduct expert discovery.

Defendants reply that Plaintiffs' motion does not contain any citation that would authorize the relief requested and is nothing more than a motion for reconsideration that fails to meet the requirements under Federal Rule of Civil Procedure 60 or Local Rule 230(j) and should be denied. Defendants contend that Plaintiffs' expert disclosure was late and failed to include a report that could be analyzed by Defendants' expert. Defendants agreed that the damage caused by this failure could be remedied if the court would grant an extension of the discovery deadlines, however the District Judge denied the stipulation.

Plaintiffs reply that Defendants have failed to address the key issue here, that the designation of their expert witness was late due to their reliance on the docket entry in calendaring the due date and the lack of prejudice to Defendants.

## III.

## DISCUSSION

Initially, the Court rejects Defendants argument that this is actually a motion for reconsideration of the denial of the stipulation to extend the discovery deadlines. The denial of the stipulation to extend the discovery deadlines was not based on, and did not address, Plaintiffs' contention that the designation of experts should be deemed timely due to the error on the Court docket. Since the issue was not previously raised, the Court finds that the instant motion should be considered on the merits. Plaintiffs move for relief from the deadline set forth in the scheduling order and for their expert disclosures to be deemed to have been timely served.

### A. Legal Standard

There are no rigid rules regarding permitting late filing attributable to an attorney's negligence. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004). In relevant part, Federal Rule of Civil Procedure 6 provides that when an act "must be done by a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). To determine if neglect was excusable courts generally consider 1) the danger of prejudice to the opposing party; 2) the length of the delay and the potential impact on the proceedings; 3) the reason for the delay; and 4) whether the moving party acted in good faith. Pincay, 389 F.3d at 855-56.

### B. Analysis

#### 1. Prejudice

In this instance, the Court finds no prejudice to Defendants from the brief delay in serving the expert witness disclosures. On March 5, 2013, the day the order issued denying the stipulation to extend the discovery and disclosure dates, Plaintiff sent Defendants a letter stating that their experts were immediately available to be deposed. (ECF No. 60-1 at 9.) Further, Plaintiffs sent follow-up letters on March 12, 2013; March 13, 2013; March 14, 2013; and March 26, 2013, advising Defendants that his expert was available for deposition prior to the discovery cut-off date. (Id. at 11, 13, 17-18, 20.) Any failure to conduct discovery of Plaintiff's expert was due to Defendants' decision not to depose the expert, not to the late notice.

3

2.  <u>Length of Delay</u>

The length of delay here is minimal. Plaintiff's expert disclosures were due on February 1, 2013, and were served on February 5, 2013. Given the brief time period at issue here any impact on the proceedings would be minimal. The deadline to conduct expert discovery was April 5, 2013, and after the stipulation was denied on March 5, 2013, Plaintiffs immediately made their expert witness available to be deposed.

3.  <u>Reason for Delay</u>

The Court finds that the reason for the delay weighs in favor of granting Plaintiffs' motion. When the scheduling order was docketed the notation stated "Designation of Expert Witnesses due by 4/5/2013." (ECF No. 24.) The correct date was included within the order itself, as a single sentence in the Discovery Plan and Cut-Off Date section of the order. (ECF No. 24 at 2:9-10.) While the Court does find that counsel was negligent for failing to carefully read the order and calendar all dates correctly, the incorrect date entered on the docket was the cause of the incorrect calendaring of the date that occurred. In this instance, Plaintiff had a misunderstanding of fact, the date that the disclosures were due, which was caused by an error made by the court in docketing the order. *See* Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392 (1993) ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' is a somewhat 'elastic concept'. . . .")

4.  <u>Good Faith</u>

Finally, the Court finds that Plaintiffs acted with good faith in dealing with the delay. Upon realizing their error, Plaintiffs mailed a letter to Defendants on February 5, 2013 requesting a stipulation to extend the discovery deadlines and deadline to designate their expert witnesses. (ECF No. 49-1 at 16.) Plaintiffs served the designation of expert witnesses on February 5, 2013, two days after realizing the deadline had been missed. (ECF No. 49-1 at 12-14.) The parties met and conferred and stipulated that the deadlines would be extended to allow additional time to designate experts and to conduct discovery.

The Court finds that Plaintiffs' failure to serve the expert witness disclosures on time was

due to excusable neglect and the Plaintiff's expert disclosures are deemed to have been timely served.

### C. Failure to Comply With Rule 26

In their opposition to the instant motion, Defendants contend that Plaintiff merely stated the name of the expert witness and did not provide a report as required by Federal Rule of Civil Procedure 26(a)(2)(B). Defendants have not moved to strike the expert disclosure on this basis. Plaintiff's designation of expert witnesses stated that a copy of the report, curriculum vitae, and fee schedule would be submitted under separate cover. (ECF No. 49-1 at 13.) There is no evidence before the Court whether these documents were produced to Defendants or the timing of any such production. If Defendants contend that the expert disclosures failed to comply with Rule 26, then the correct response is a motion to strike Plaintiff's expert disclosures.

### IV.

### CONCLUSION AND ORDER

The Court finds that Plaintiff's failure to serve expert disclosures by the scheduling order deadline was due to excusable neglect and the expert disclosures are deemed to be timely served. To the extent that Defendants object that Plaintiffs' expert disclosure failed to comply with Rule 26, Defendants must file a motion to strike Plaintiff's expert witness designation. Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion deeming Plaintiffs' designation of expert witnesses timely, filed March 8, 2013, shall be GRANTED;
2. The hearing set for April 10, 2013, at 9:30 a.m. is VACATED; and
3. Should Defendants contend that Plaintiffs' designation of expert witnesses is deficient, any motion to strike Plaintiff's designation of expert witnesses shall be filed within **fourteen (14) days** of the date of service of this order.

IT IS SO ORDERED.

Dated:   April 8, 2013

UNITED STATES MAGISTRATE JUDGE

5