# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAIEL AMMARI, et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 11-0867 LJO SAB<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR DISOBEDIENCE OF ORDER**<br>(Docs. 62, 63.) |

This Court's January 13, 2012 scheduling order ("scheduling order") set an April 19, 2013 deadline to file summary judgment motions and provides in pertinent part:

> Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.
>
> The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.
>
> The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to the requirements of Local Rule 260 the moving party shall file a joint statement of undisputed facts.**
>
> In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet

and confer.  (Bold in original.)

On April 19, 2013, defendants filed their summary judgment papers which lack a joint statement of undisputed facts and certification that the parties met and conferred to satisfy the scheduling order's requirements.  As such, this Court ORDERS defense counsel, no later than April 29, 2013, to file and serve papers to show good cause, why sanctions, including monetary sanctions or striking defendants' summary judgment papers, should not be imposed for disobedience of the scheduling order.

IT IS SO ORDERED.

**Dated:    April 24, 2013**              /s/  Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE