# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAIEL AMMARI, et al., | CASE NO. 1:11-cv-00867-LJO-SAB |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS AND PRECLUDE EXPERT TESTIMONY and VACATING MOTION HEARING |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | (ECF Nos. 63, 69, 74) |

**I.**

**BACKGROUND**

Plaintiffs filed this civil rights action on May 27, 2011, against the State of California, Eugene Brathwaite, and Sylvia Thomas alleging illegal search, seizure, and detention based upon the confiscation of Plaintiffs' business records pursuant to a search warrant. (ECF No. 1.) A first amended complaint was filed on September 9, 2011. (ECF No. 15.) Following the initial scheduling conference, a scheduling order issued on January 13, 2012. (ECF No. 24.) Due to an error in docketing the scheduling report, Plaintiffs served their expert disclosures after the designated deadline.

On March 8, 2013, Plaintiffs filed a motion to deem Plaintiffs' designation of expert witnesses timely. (ECF No. 49.) Defendants filed an objection to the motion, which stated that Plaintiffs did not provide a report as required by Federal Rule of Civil Procedure 26(a)(2)(B). (ECF No. 59.) On April 8, 2013, an order issued granting Plaintiffs' motion to deem the designation of expert witnesses timely and directing Defendants, should they contend that Plaintiffs' expert

designation was deficient, to file any motion to strike Plaintiffs' expert witness for failure to comply with Rule 26 within fourteen days.[1]  (ECF No. 61.)  On April 22, 2013, Defendants filed the instant motion to strike Plaintiff's expert report and preclude expert testimony.  (ECF No. 63.)  Plaintiffs filed an opposition on May 7, 2013.  (ECF No. 64.)  Defendants filed a reply on May 13, 2013.  (ECF No. 74.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the hearing set for May 22, 2013, is vacated.  Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires that a party must disclose the identity of each expert witness "accompanied by a written report–prepared and signed by the witness. . . ."  Fed.R.Civ.P. 26(a)(2)(B).  Rule 26 requires that the disclosure of an expert witness must be accompanied by the expert's written report setting forth the following information:

   (I) a complete statement of all opinions the witness will express and the basis and reasons for them;

   (iii) the facts or data considered by the witness in forming them;

   (iii) any exhibits that will be used to summarize or support them;

   (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

   (v) a list of all other cases in which, during the previous 4 years, the witness testified

---

[1] In Defendants' opposition to Plaintiffs' motion to designate expert witnesses after the cut-off, Defendants argued that Plaintiffs' motion was actually a motion for reconsideration and Plaintiffs had failed to meet the requirements of Federal Rule of Civil Procedure 60 or Local Rule 230(j). (ECF No. 59 at 1-2.) Defendants stated that Plaintiffs failed to disclosure their expert witnesses prior to the discovery cut-off date of February 1, 2013. When the disclosures were made on February 5, 2013, "the disclosure did not contain a report including 'a complete statement of all opinions the witness will express and the basis and reasons for them', the data or information relied upon in forming the opinions, the supporting exhibits or any of the other information required by Federal Rule of Civil Procedure 26 (a)(2)(B). In short, Plaintiffs simply disclosed the name of an alleged expert without any of the necessary information that Defendants needed to prepare for expert discovery and to potentially solicit contrary opinions or analysis from rebuttal experts. Defendants immediately objected to the late and inadequate disclosure." (Id. at 3.) Defendants argued that Plaintiffs were aware of the disclosure deadline, but failed to timely disclose any experts because of their lack of evidence to support their damages. (Id. at 4.)

2

<pre>    </pre>

as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B). The parties are to submit their expert disclosures "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D).

Rule 37(c)(1) gives teeth to the requirements imposed by Rule 26 by forbidding the use at trial of any information that is not properly disclosed. Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1179 (9th Cir. 2008). This is a "self-executing, automatic sanction to provide a strong inducement for disclose of material." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (internal punctuation omitted) (quoting Fed.R.Civ.P. 37 advisory committee's note (1993)). The harshness of this rule is ameliorated by the express exceptions that the information may be introduced if the failure to disclose the information was substantially justified or harmless. Yeti by Molly, Ltd., 259 F.3d at 1106. The burden is on the party facing the sanction to show that the failure to disclose was harmless. Id. at 1107. The district court has wide latitude in issuing discovery sanctions under Rule 37(c)(1). Id. at 1106.

### III.

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT REPORT AND PRECLUDE EXPERT TESTIMONY

Defendants move to strike Plaintiffs' expert on the ground that the expert disclosure fails to comply with Federal Rule of Civil Procedure 26(a)(2)(B). Defendants contend with only four months remaining until trial, they have been provided with no discovery on how Plaintiffs intend to prove their damages. Plaintiffs served their expert disclosure after the deadline established in this action and no expert report was included for Richard Gorton.[2] Rather, the disclosure stated that the expert witness report containing the opinions and basis therefore, as well as a current curriculum vitae and fee schedule, would be submitted under separate cover.

Defendants state that approximately one week later, they were served with a supplemental

---

[2] Although the Court has deemed Plaintiffs' expert disclosure timely, Defendants are arguing that because Plaintiffs failed to provide a timely expert report that complies with Rule 26(a)(2)(B), Plaintiffs' expert report should be stricken and Richard Gorton II should be precluded from testifying in this action. (ECF No. 63 at 2.) Defendants are not challenging the other experts designated in the disclosure.

<pre>                                                3</pre>

expert disclosure which was a two page document stating that the expert witness, Richard Gorton, had been retained to prepare an analysis of the economic damages in this action; and at this time he was unable to provide a final detailed opinion or the bases for that opinion. The document stated that the disclosures would be provided once the expert is able to review all relevant information and analysis provided by Plaintiff. Defendants contend that Plaintiffs never supplemented the expert report and, since expert discovery is closed in this action, they were unable to depose the expert witness because, without opinions and their bases, Defendants had nothing upon which to depose the expert.

Plaintiffs contend that Defendants motion to strike is without merit because Defendants never complained that the expert disclosures did not comply with Federal Rule of Civil Procedure 26, and Defendants' expert witness disclosure also does not provide an opinion.[3]

Defendants respond that two days after Plaintiffs served their expert disclosures they sent a letter informing Plaintiffs that their expert disclosures did not comply with Rule 26 and it is irrelevant to this motion if Defendants' expert disclosures did not comply with Rule 26 because it is Plaintiffs burden to prove damages.

### A. Plaintiffs' Supplemental Disclosures

The Court notes that Plaintiffs' expert disclosure, dated February 5, 2013, stated that the expert witness report containing his opinions and the bases thereof would be provided under separate cover. (ECF No. 63-3 at 3.) Plaintiffs' supplemental expert witness disclosure was served on February 11, 2013, and contained a statement from the expert, Richard Gordon, which stated that he had been retained but was unable to provide his final detailed opinion or the bases for an opinion.

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Plaintiffs argue that Defendants did not file this motion because Plaintiffs' expert disclosures did not comply with Rule 26, but because the Court invited Defendants to do so. (ECF No. 69 at 3.) In Defendants' opposition to Plaintiffs' motion to deem the designation of expert witnesses timely, Defendants raised the issue that Plaintiffs' expert designation did not comply with Rule 26 because no expert report was provided as a reason to deny the motion. The Court informed Defendants that this issue should be raised in a motion to strike, rather than as an objection to the motion to deem Plaintiffs' expert witness designation timely. (ECF No. 61 at 5.) The fact that the Court informed Defendants that the proper method to address their objection is a motion to strike is not relevant to the matter to be decided here.

4

(ECF No. 63-4 at 4, 6.) Mr. Gordon stated that he had not been provided with any information from Plaintiffs specific to this action; and once the information was provided he would prepare a detailed report. (Id. at 6.) Plaintiffs' supplemental disclosures are not adequate to address the failure to provide a timely expert report as required by Rule 26.

> [S]upplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a supplement. Although Rule 26(e) obliges a party to supplement or correct its disclosures upon information later acquired, this does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report.... To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports.

Reed v. Sandstone Prop., L.P., No. 2:12-cv-05021 MMM (VBKx), 2013 WL 1344912, at *3 (C.D. Cal. April 2, 2013) (quoting Plumley v. Mockett, 836 F.Supp.2d 1053, 1062 (C.D.Cal. 2010)). Accordingly, the Court finds that Plaintiffs failure to provide an expert report with his expert disclosure cannot be cured by a later provided supplement.

      **B.**    **Defendants' Failure to Complain Regarding the Lack of Compliance**

Plaintiffs argue that Defendants never complained regarding the lack of an expert report being included with their expert disclosures, and that the first time they were aware that the disclosure did not comply with Rule 26 was upon receipt of Plaintiff's motion to strike the expert report. In this instance, Plaintiffs are represented by counsel who is expected to be familiar with and comply with the discovery rules. However, the evidence before the Court shows that on February 12, 2013, Defendants informed Plaintiffs that the expert disclosures failed to comply with Rule 26 because it did not contain an opinion. (ECF No. 69-1 at 85.)

The scheduling order issued January 13, 2012, ordered that the "designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**." (Scheduling Order 2:9-12, ECF No. 24 (emphasis in original).) Further, the parties were advised in the order that "[f]ailure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order." (Id. at 2:12-14.) The Court is not persuaded by Plaintiffs' argument that they were unaware that their expert disclosures did not comply with Rule 26. A clear reading of the Federal Rules of Civil Procedure

5

and this Court's Scheduling Order suggest that Plaintiffs' "lack of awareness" regarding their compliance with the expert notice is entirely without merit. It is incredible to suggest that a Defendant in this situation, where a Plaintiff provided no opinion and/or report at time of "disclosure", would have to first object before a Plaintiff became "aware" of their lack of compliance with the Federal Rules of Civil Procedure.

Plaintiffs failed to serve a timely expert report as required by Federal Rule of Civil Procedure 26(a)(2)(b). Accordingly, the only issue to be decided in this motion is whether Plaintiffs' failure to disclose is substantially justified or harmless. <u>Yeti by Molly, Ltd.</u>, 259 F.3d at 1106.

### C. The Failure to Comply With Rule 26(a)(2)(B) Was Not Substantially Justified

Defendants contend that Plaintiffs' failure to disclose is not substantially justified because this action has been pending almost two years and the expert report provided stated the expert was still waiting for Plaintiffs to provide documents so he could form an opinion. Plaintiffs argue that they were unable to provide an expert opinion in light of the outstanding discovery pertaining to Plaintiffs' tax records. Further, Defendants stated that without Plaintiffs' clients' tax records they were prevented from adequately preparing for depositions and neither party can meaningfully prepare expert reports. Plaintiffs contend that Defendants acknowledged that it was not possible for either party to render an opinion in this action until the Court issued a protective order regarding Plaintiffs' tax records.

The Court understands Plaintiffs' argument as it relates to Defendants ability to prepare an expert report as to Plaintiffs' damages. Plaintiffs were in possession of the needed records and were refusing to produce them in response to a discovery request without a protective order in place. Without Plaintiffs' tax records, Defendants would have no bases upon which to determine the amount of damages that Plaintiff would have suffered. However, this same argument does not apply to Plaintiffs. Plaintiffs were in possession of the necessary documents and could have provided them to their expert to review in preparing his report. The Court does not see how the lack of a protective order regarding Plaintiffs' client tax records prevented Plaintiffs' from obtaining an expert

6

opinion on Plaintiffs' damages in this action.[4]

The Court finds that Plaintiffs' failure to provide an expert report in compliance with Rule 26(a)(2)(B) was not substantially justified.

### D. The Failure to Comply With Rule 26(a)(2)(B) Was Not Harmless

Defendants contend the failure is not harmless because there are only four months to trial and expert and percipient witness discovery has closed. Therefore, Defendants have no information on how Plaintiffs intend to prove their $2 million claim for damages. Plaintiffs argue that it was apparent that Defendants never intended to take a deposition of their expert witness because Plaintiffs' expert was made available on numerous occasions and Defendants did not depose him. Plaintiffs state that Defendants made a strategic decision not to depose their expert in the hope that their motion to deem the expert disclosures timely would be denied. Defendants argue that without a report stating the experts opinion and bases, Plaintiffs' offers to make the expert available prior to the discovery cut-off date was meaningless.

The scheduling order filed January 13, 2012, also provided that the provisions of Fed. R. Civ. P. 26(b)(4) and (5) applied to all discovery relating to experts and their opinions. (ECF No. 24 at 2:15-16.) Pursuant to Rule 26(b)(4), a party may depose any person identified as an expert whose opinions will be presented at trial. "If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Fed.R.Civ.P. 26(b)(4).

Rule 26(a)(2)(B) requires that unless stipulated to or ordered by the court expert disclosures "must be accompanied by a written report–prepared and signed by the witness– if the witness is one retained or specially employed to provide expert testimony in the case. . . ." In this instance, Mr. Gordon is designated as a retained expert; and therefore, a written report is required unless the parties stipulated that reports would not be required.

While Plaintiffs argue that Defendants did not complain and the parties stipulated to extend

---

[4] Further, any party to a federal court action should exercise pragmatic common sense when it comes to conducting discovery. This approach avoids last minute issues which could leave the party, because of the party's own action/inaction, without a potential remedy and would not prejudice the party's ability to present the case before the trier of fact. A party's failure to timely conduct or manage discovery is not for a court to remedy. Here, the scheduling order, whose dates were provided by the parties, allowed for adequate time to conduct discovery, retain experts and provide any reports, all before the deadlines imposed.

7

the discovery deadlines due to Plaintiffs error in calendaring the correct date for expert disclosures and the additional discovery disputes, Plaintiffs have presented no evidence that the parties entered into a stipulation that expert reports would not be required. Nor does the Court find that Defendants efforts to resolve the discovery disputes shows any such stipulation between the parties. In order for the expert disclosures to comply with Rule 26, Plaintiffs were required to provide a report as specified in Rule 26(a)(2)(B). Defendants contend that to date they have still not received the expert report required by the Rule. This is inexcusable and clearly not harmless to any litigant.

Rule 26(b)(4) states that an expert cannot be deposed until the expert's report has been obtained. Plaintiffs did not provide an expert report, so Defendants could not depose Plaintiffs' expert under Rule 26(a)(2)(B). Further, while Plaintiffs argue that they made their expert available on numerous occasions and Defendants refused to depose him, without a report upon which to question the expert the deposition would be useless. The purpose of deposing the expert witness would be to test his opinion and the bases for the opinion. Here, Defendants are unaware of what the expert's opinion would be or what it would be based upon. Had Plaintiffs provided the expert report on the date they made their expert disclosures, Defendants would have had the opportunity to conduct a deposition within the period that discovery in this action was open.

Further, Defendants were required to disclose any rebuttal experts within thirty days of Plaintiffs' expert discloses. Fed.R.Civ.P. 26(a)(2)(D)(ii). Since Plaintiffs did not provide a report which would inform Defendants of the expert's opinions to be proffered at trial, Defendants were unable to designate a rebuttal expert and provide an expert opinion within the time period prescribed by the Rule. At this point in the litigation, discovery is closed and Defendants were not provided with Plaintiffs' expert's opinion and the bases, and did not have the opportunity to depose Plaintiffs' expert. The failure to provide the expert report was not harmless.

## IV.

## CONCLUSION AND ORDER

The Court finds that Plaintiffs' expert witness disclosure did not comply with Federal Rule of Civil Procedure 26. Additionally, the failure to comply was not substantially justified or harmless; and therefore, Defendants' motion to strike Plaintiff's expert witness and preclude his

testimony at trial shall be granted.  Based on the foregoing,

    IT IS HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiffs' expert witness and preclude expert testimony is GRANTED;
2. Plaintiffs designation of Richard C. Gordon as an expert witness in this action is STRICKEN;
3. Plaintiffs are precluded from presenting the testimony of Richard C. Gordon in this matter; and
4. The motion hearing on May 22, 2013, is VACATED.

IT IS SO ORDERED.

    **Dated: May 20, 2013**

UNITED STATES MAGISTRATE JUDGE